IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PATRICIA DAVIS**                                                                    **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 4:21-CV-167-DMB-DAS**

**MAGIC TOUCH JANITORIAL, INC.;
UNITED STATES OF AMERICA in its capacity as
owner/operator of the UNITED STATES POSTAL
SERVICE; AND JOHN DOES A, B AND C**                     **DEFENDANTS**

**AMENDED COMPLAINT**

**NOW COMES** Plaintiff Patricia Davis, and files her Amended Complaint against Defendants Magic Touch Janitorial, Inc.; United States of America in its capacity as the owner and operator of the United States Postal Service and that certain Post Office location known as the Crossroads Post Office located at 1910 Hwy 82 East in Greenville, Mississippi; and John Does A, B and C.

1.

Patricia Davis is an adult resident citizen of Greenville, Washington County, Mississippi, who suffered injuries, losses, and damages as a direct and proximate result of a slip and fall incident which occurred on or about June 20, 2019 at the Crossroads Post Office located at 1910 Hwy 82 East in Greenville, Mississippi.

2.

Defendant Magic Touch Janitorial, Inc., is a foreign corporation which is incorporated in the State of Alabama with its principle place of business at 5133 Meadow Brook Road, Birmingham, AL 35232. Defendant Magic Touch Janitorial, Inc. operates a cleaning service business, and committed a tort in Washington County, Mississippi. Defendant Magic Touch Janitorial, Inc. can be served with a copy of the Amended Complaint and Summons through its registered agent, Robert Clark, Jr., located at 5133 Meadow Brook Road, Birmingham, AL 35234.

3.

Defendant United States of America is the owner, manager, and operator of the United States Postal Service and operates a post office located at 1910 Highway 82 East in Greenville, Mississippi. Defendants committed a tort in Washington County, Mississippi, and Defendant United States of America is liable to Plaintiff pursuant to the Federal Torts Claims Act 28 U.S.C.A. § 2401 et seq. and all related Mississippi and federal premises liability laws and authorities. Defendant United States of America can be served with a copy of the Amended Complaint and Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure via the United States Attorney James Clay Joyner at 900 Jefferson Avenue, Oxford, MS 38655-3608; and, via registered mail to Attorney General Merrick B. Garland at U. S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 or their counsel of record.

4.

John Does A, B and C are parties whose names and identities are currently unknown to Plaintiff despite reasonable efforts to identify such parties. Nevertheless, these parties are or may be liable to Plaintiff for damages incurred as the result of the subject incident referenced below. When the true names of such unknown parties are identified, Plaintiff will seek to amend her Amended Complaint and identify the names of such parties pursuant to Rules 9 and 15 of the *Mississippi Rules of Civil Procedure*.

5.

This Court has subject matter and personal jurisdiction over the parties, and this Court is the proper venue for this action pursuant to federal law and its jurisdictional and venue statutes including, but not limited to 28 U.S.C.A. §2401 *et seq.,* 28 U.S.C.A. §2674, 28 U.S.C.A. §1346, and 28 U.S.C.A. §1339.

6.

Defendant United States of America is the owner, manager, and operator of the United States Postal Service, own, manage, oversee and operate the United States Postal Service and such Defendant is in control of the premises located at 1910 Highway 82 East in Greenville, Mississippi, and otherwise known as the Crossroads Post Office.

7.

Defendant Magic Touch Janitorial, Inc. operates a cleaning service and provided such cleaning services and maintenance to the United States Postal Service at its Crossroads Post Office located at 1910 Highway 82 East in Greenville, Mississippi. Copies of the Contract among Defendants is attached hereto as **Exhibit "3"** and incorporated herein by reference.

8.

On or about June 20, 2019, Plaintiff was an invitee on the premises of the Crossroads Post Office located at 1910 Highway 82 East in Greenville, Mississippi, which is owned, operated, managed, maintained, and controlled by Defendants. While a patron on Defendants' premises, Plaintiff suddenly slipped and fell due to a dangerous condition on such premises which was created and/or caused by Defendants, its agents, and/or its employees. Otherwise, Defendants had actual or constructive knowledge of the dangerous condition that caused Plaintiff's injuries.

9.

Defendants were negligent in causing the subject incident and all damages to Plaintiff because of a dangerous condition which existed on the premises of the Crossroads Post Office in Greenville, Mississippi. Despite actual and/or constructive knowledge of the dangerous condition on the premises, Defendants failed to warn invitees such as Plaintiff of the dangerous condition in violation of law. Defendants' operation of their premises was dangerous to invitees such as Plaintiff, and Defendants committed further acts and/or omission of negligence to cause the subject incident which will be fully

proven in this case at trial.

10.

Defendants were also directly negligent in causing the subject incident as they caused the dangerous condition to exist on the premises and/or had personal knowledge of the dangerous condition on the premises, but failed to remedy the known danger or otherwise warn invitees such as Plaintiff of the dangerous condition.

11.

Defendants owed a duty to Plaintiff as an invitee upon their premises to exercise reasonable and ordinary care to keep the subject premises in a reasonably safe condition and/or to warn of dangerous conditions that were created by Defendants on the premises or known to exist. Defendants knew or should have known of the dangerous condition in this case, but failed to remedy the danger and otherwise failed to warn Plaintiff of such danger on the premises.

12.

Defendants breached their legal duties owed to Plaintiff and were negligent in the care, custody, and control of the subject premises when they failed to maintain and clean the premises in a reasonably safe condition or otherwise warn Plaintiff of the danger of which it knew or should have known.

13.

Defendants are also vicariously liable for the negligent acts of all employees under the doctrine of *respondeat superior*. During the subject incident, all of Defendants' agents and/or employees were engaged in activity within the course and scope of the employment/agency relationship which benefitted Defendants.

14.

Defendants are also liable for other breaches of law and related violations of duties owed to Plaintiff, which will be shown and proven at trial.

15.

Plaintiff did not cause or contribute to the subject incident in any manner whatsoever.

16.

On October 22, 2020, Plaintiff properly submitted her claim via Form 95 to Defendants under the Federal Torts Claims Act. Plaintiff also provided a complete Summary of Damages, Medical Expense Summary, medical records, and bills. **Exhibit "1".** However, on October 20, 2021, Defendants wrongfully denied Plaintiff's claim as shown by the attached correspondence. **Exhibit "2".** As a result of the wrongful denial letter, Plaintiff files her lawsuit herein under the statutes and regulations cited. *Id*.

17.

As a direct and proximate result of the aforementioned incident and the negligence of Defendants, Plaintiff has suffered serious and permanent bodily injuries which required extensive medical treatments. The damages suffered by Plaintiff includes, but is not limited to, the following:

1. Past, present and future medical expense;
2. Past, present and future lost wages and loss of wage earning capacity;
3. Past, present and future emotional distress;
4. Past, present and future pain and suffering;
5. Other damages which will fully proven at trial.

18.

Plaintiff is entitled to reimbursement and payment of all of her aforementioned damages from each of the Defendants, jointly and severally.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Patricia Davis demands judgment of and from Defendants Magic Touch Janitorial, Inc., United States of America its capacity as the owner and operator of the United States Postal Service and that certain Post Office location known as the Crossroads Post Office located at 1910 Hwy 82 East in Greenville, Mississippi, and John Does A, B and C, jointly and severally, as follows:

1. Full and complete payment, reimbursement, compensation and satisfaction for any and all injuries, losses and damages suffered as the result of the aforementioned incident involving Plaintiff, plus pre and post judgment interest, attorneys fees, costs and expenses in an amount not less than $450,000.00; and,

2. Any and all related damages and relief as ordered by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**DATED**, this the 14th day of March, 2022.

                                          **PATRICIA DAVIS**

                                    **By:**   **/s/ Britt Virden**_____
                                                 **BRITT VIRDEN, MBN 10022**
                                                 **Counsel for Plaintiff**

**OF COUNSEL:**

**VIRDEN LAW FIRM, PLLC**
143 N. Edison Street
Post Office Box 1871
Greenville, MS 38702-1871
Telephone (662) 378-9466
Facsimile (662) 378-2246
E-mail: bvirden@virdenlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on **March 14, 2022**, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

    **VIA E-MAIL:** stuart.davis@usdoj.gov
    Stuart S. Davis, Esq.
    U. S. Attorney's Office
    900 Jefferson Avenue
    Oxford, MS 38655-3608

**Signed,** this, the 14th day of March, 2022.

                                                    **/s/ Britt Virden**_____
                                                    **BRITT VIRDEN**