IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PATRICIA DAVIS**                                                            **PLAINTIFF**

V.                                                NO. 4:21-CV-167-DMB-JMV

**UNITED STATES OF AMERICA,**
in its capacity as owner/operator of
the United States Postal Service, et al.                          **DEFENDANTS**

**ORDER**

      The United States moves to dismiss Patricia Davis' claims against it for lack of subject matter jurisdiction under the independent contractor exception to the Federal Tort Claims Act's waiver of sovereign immunity. Because Davis' complaint can reasonably be read as asserting claims against the United States for its own actions or omissions rather than solely for the actions of the alleged contractor, the motion will be denied.

**I**
**Procedural History**

      On December 16, 2021, Patricia Davis filed a complaint in the United States District Court for the Northern District of Mississippi against the United States of America, in its capacity as owner/operator of the United States Postal Service ("USPS"); Gwendolyn J. Brown, in her capacity as Postmaster; and "John Does A, B and C." Doc. #1. The complaint sought damages pursuant to the Federal Tort Claims Act ("FTCA") for injuries Davis allegedly suffered as the "result of a slip and fall incident which occurred … at the Crossroads Post Office … in Greenville, Mississippi." *Id.* at 1.

      After the United States obtained an extension to respond to the complaint[1] but before

---

[1] Doc. #7.

such response was filed, Davis filed an amended complaint on March 14, 2022, removing Brown as a defendant and adding Magic Touch Janitorial, Inc. Doc. #8. The amended complaint alleges that "[o]n or about June 20, 2019, [Davis] was an invitee on the premises of the Crossroads Post Office" when she "suddenly slipped and fell due to a dangerous condition on such premises which was created and/or caused by Defendants, its agents, and/or its employees;" the United States "is the owner, manager, and operator of the [USPS] … and … is in control of the … Crossroads Post Office;" Magic Touch "operates a cleaning service and provided such cleaning services and maintenance to the [USPS] at its Crossroads Post Office" pursuant to a contract with the USPS; and the "Defendants were negligent in causing the subject incident … because of a dangerous condition which existed on the premises" and "fail[ing] to warn invitees such as [Davis] of the dangerous condition." Doc. #8 at 3; Doc. #8-3. Although the amended complaint does not identify the alleged "dangerous condition," a Standard Form 95 filed by Davis and attached to the amended complaint alleges that "USPS employees were mopping the lobby floor of the post office with soapy water causing the floor to be slick, but failed to warn [Davis]," who "was attempting to retrieve her mail from her post office box." Doc. #8-1 at 1.

On April 14, 2022, the United States moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1). Doc. #16. The motion is fully briefed. Docs. #17, #26, #28. Based on the United States' jurisdictional defense, United States Magistrate Judge David A. Sanders entered an order on May 17, 2022, staying "the attorney conference, disclosure requirements, and all discovery … pending briefing and ruling on the motion to dismiss." Doc. #27.

## II
## Arguments

The United States argues "this court lacks subject-matter jurisdiction because the alleged acts or omissions giving rise to this lawsuit were committed by an independent contractor – not

2

an employee of the United States." Doc. #17 at 1. Specifically, the United States submits that because "[t]he allegedly negligent custodian, Valarie Summerville, … worked for Magic Touch Janitorial, Inc.[,] she was not an employee of the United States" such that it has not waived sovereign immunity. *Id.* at 2. To support Magic Touch's status as an independent contractor, the United States asserts that its contract with Magic Touch (1) required the USPS to "provide all necessary interior cleaning supplies … and chemicals" and Magic Touch "to provide and maintain equipment for cleaning and floor care;" (2) "did not give the Postal Service the right or the discretion to control and supervise daily operations and activities of Magic Touch and its employees;" (3) placed "responsibility for safety precautions in relation to the cleaning services on Magic Touch, not the USPS;" and (4) required Magic Touch to maintain liability insurance and hire and pay its own employees. *Id.* at PageID 128–30.

In response, Davis contends that the United States "improperly relies on Rule 12 because of the multiple documents and the Affidavit submitted, which necessarily takes the consideration of this Motion to Dismiss 'outside of the pleadings' so that the Court should effectively consider [the motion] as one for summary judgment" and allow the parties "the full opportunity to conduct discovery, depositions, interrogatories, and requests for production of documents in order to respond."[2] Doc. #26 at 2–3. Relatedly, she argues that "[a]t a minimum, [she] is entitled to discover whether warning signs such as caution cones were on site even though they were not displayed at the time of the incident, and who supplied such warnings" and that the United States did not assert an independent contractor defense in response to her Form 95 or its

---

[2] In her response, Davis "requests that the Affidavit of Michael Williams attached to the Motion to Dismiss of Defendant USPS, along with all of the contract documents, be stricken from consideration in violation of Rule 12." Doc. #26 at 6. Because a "response to a motion may not include a counter-motion in the same document," L.U. Civ. R. 7(b)(3)(C), this request is not properly before the Court. Regardless, as discussed below, because inclusion of materials outside of the pleadings on a Rule 12(b)(1) motion does not convert the motion to one for summary judgment, the documents are not improperly filed.

3

denial of her claim.³ *Id.* at 3–4. Davis further submits that the USPS "can not delegate its legal duty to provide a safe premises pursuant to Mississippi law." *Id.* at 6.

The United States replies that (1) its "exhibits are precisely the type of information required to support a factual attack to subject matter jurisdiction under FRCP 12(b)(1) and allow the court to properly determine whether it has the authority to entertain the claims made against the United States;" (2) because it mounted a factual attack, "it is incumbent upon the plaintiff to submit facts through some evidentiary method to prove by a preponderance of the evidence that the court has subject matter jurisdiction" and Davis failed to meet her burden; (3) Davis "provides the Court with no authority to suggest that a federal agency waives an FTCA defense if it was not raised at the administrative claim level;" (4) "Mississippi's imposition of nondelegable duties is … preempted by the independent contractor exception to the FTCA;" (5) discovery regarding the jurisdictional defense is not required; and (6) the "undisputed facts show that Magic Touch employees were, in fact, Magic Touch employees." Doc. #28 at PageID 172–77.

### III
### Applicable Standard

Based on the parties' arguments, the Court first must determine the appropriate standard to apply to the motion. The United States brings its motion under Rule 12(b)(1), which allows parties to challenge a court's subject matter jurisdiction, rather than under Rule 12(b)(6), which addresses the sufficiency of pleading a claim. Davis' response relies on Rule 12(d), which provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented …, the motion must be treated as one for summary judgment under Rule 56."

---

[3] Although Davis also argues that this Court "routinely tries cases of personal injury arising out of premises liability for claims in excess of $75,000.00 with parties of different citizenship," Doc. #26 at 5–6, such appears to be a reference to diversity jurisdiction pursuant to 28 U.S.C. § 1332 and Davis does not assert such as a basis for jurisdiction in her original or amended complaint. *See* Docs. #1, #8.

However, this Rule 12(d) language does not apply to motions under Rule 12(b)(1). And contrary to Davis' argument, "[t]he district court's consideration of matters outside the pleadings when subject matter jurisdiction is challenged does not convert a motion to dismiss into one for summary judgment." *Greer v. United States*, 333 F. Supp. 3d 631, 635 (W.D. La. 2018); *see Ronsonet v. Carroll*, 113 F. Supp. 2d 1009, 1017 (S.D. Miss. 2000) ("Unlike a motion to dismiss under Rule 12(b)(6) for failure to state a claim, matters outside the pleading do not convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment.") (citing *Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1157–58 (5th Cir. 1981)). Rather, the United States has mounted a factual attack on subject matter jurisdiction. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) ("An attack is factual rather than facial if the defendant submits affidavits, testimony, or other evidentiary materials.") (internal quotation marks omitted). Consequently, Davis, as the party asserting jurisdiction, "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain [her] burden of proof." *Id.* (cleaned up).

## IV
## Discovery

Davis argues that she should be able to conduct discovery related to whether Magic Touch was an independent contractor. Doc. #26 at 3–4. Under this Court's Local Rules, consistent with Judge Sanders' May 17 stay order, "a motion asserting an immunity defense or jurisdictional defense stays … all discovery, pending the court's ruling on the motion" and "[w]hether to permit discovery on issues related to the motion … [is] committed to the discretion of the court, upon a *motion* by any party seeking relief." L.U. Civ. R. 16(b)(3)(B) (emphasis added). Because Davis has not presented her discovery request in a motion but only in her

5

response to the United States' motion, it is not properly before the Court and will not be considered. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

## V
## Jurisdiction

"The United States as sovereign, is immune from suits save as it consents to be sued." *Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010) (alteration omitted). "The FTCA waives the United States' sovereign immunity in tort claims brought against any government employee acting in the scope of his employment." *Barron v. United States*, 31 F.4th 347, 349 (5th Cir. 2022) (citing 28 U.S.C. § 1346(b)(1)). "The FTCA, however, does not cover acts committed by independent contractors." *Creel*, 598 F.3d at 213. "The independent contractor exception applies only to the extent the claims arise from the duties delegated to an independent contractor." *June Stonestreet v. United States*, No. 1:20-cv-65, 2021 WL 4618372, at *2 (S.D. Miss. Oct. 6, 2021) (internal quotation marks omitted) (quoting *Verizon Washington, D.C., Inc. v. United States*, 254 F. Supp. 3d 208, 219 (D.D.C. 2017)).

While the parties here dispute whether Magic Touch was an independent contractor, they do not dispute that Magic Touch was responsible for cleaning duties at the Crossroads Post Office. According to Michael Williams' declaration,[4] "Valarie Summerville was a person that performed cleaning services at Crossroads Post Office … under the terms of the cleaning contract between USPS and Magic Touch" and Summerville was an employee of Magic Touch, rather than the USPS. Doc. #16-2 at 1–2. Davis has not presented any evidence in response to

---

[4] Williams is a Postmaster with the USPS and oversees the operations at the Crossroads Post Office. Doc. #16-2 at 1.

the motion to dismiss to dispute that Summerville was the person mopping on the date in question. If the only claim asserted was for causing the dangerous condition by mopping and the evidence reflects that only Magic Touch performed such duties, the Court would need to determine whether Magic Touch was an independent contractor to ascertain whether jurisdiction exists.

But the Court need not decide if Magic Touch was an independent contractor because in addition to alleging that Davis "slipped and fell due to a dangerous condition … which was created and/or caused by the Defendants, its agents, and/or its employees," the amended complaint alleges that all defendants "failed to warn invitees such as [Davis] of the dangerous condition." Doc. #8 at 3; *see* Doc. #8-1 at 1, 3 ("The floor was left unattended by post office employees, even though they admitted … that they would normally make sure to provide warnings to customers or stand guard over the slippery area …."); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (documents attached to the complaint become "part of [the] complaint for all purposes"). These allegations' reference to "employees" can reasonably be read as alleging that USPS employees, not just Summerville, were aware of the dangerous condition and failed to warn Davis or otherwise correct the conditions. Since these allegations are not contradicted by the United States' evidence that Summerville performed the cleaning services, Davis seeks to recover against the United States for its own actions or omissions rather than solely those of Magic Touch. *See Stonestreet*, 2021 WL 4618372, at *2 (citing *Hearn v. Square Prop. Invs., Inc.*, 297 So. 3d 292, 295 (Miss. Ct. App. 2020)) ("Under Mississippi premises liability law, a plaintiff must demonstrate that the premises owner either negligently created the condition that caused the plaintiff's injury or failed to remedy the dangerous condition after receiving actual or constructive knowledge."). At this stage in the proceedings,

7

such is sufficient to establish jurisdiction.[5] *See id.* (independent contractor exception did not apply where "the Government had constructive notice of the dangerous condition of the cart [maintained by contractor that caused injury] and failed to remedy it"); *cf. Kimler v. United States*, No. 1:20-cv-175, 2021 WL 3698391, at *6 (S.D. Miss. Aug. 19, 2021) (district court lacked jurisdiction over claims arising from elevator accident where the government contracted for elevator maintenance with a third party, the third party had authority to place elevators out of service and place signage indicating such, and the plaintiff failed to identify "any of the Government employees to whom issues with the elevator were allegedly reported" after the government submitted evidence that "no such reports were made").

## VI
## Conclusion

The United States' motion to dismiss [16] is **DENIED**.

**SO ORDERED**, this 21st day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] While the United States argues that the contract placed "all responsibility for safety precautions with respect to providing … cleaning services" on Magic Touch, Doc. #28 at PageID 176, it provides no argument why requiring Magic Tough to utilize safety precautions relieves its own employees of a duty to warn of dangerous conditions of which they are aware.