IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PATRICIA DAVIS**                                                                           **PLAINTIFF**

V.                                                                          NO. 4:21-CV-167-DMB-JMV

**UNITED STATES OF AMERICA,**
in its capacity as owner/operator of
the United States Postal Service, et al.                                             **DEFENDANTS**

## OPINION AND ORDER

The United States moves for reconsideration of the denial of its motion to dismiss for lack of subject matter jurisdiction, asserting that the Court must perform the independent contractor analysis to determine whether the Federal Tort Claims Act waives its sovereign immunity with respect to Patricia Davis' claims. Because, as the Court previously concluded, Davis seeks to recover for the acts and omission of government employees rather than of an independent contractor, reconsideration will be denied.

## I
## Procedural History

On December 16, 2021, Patricia Davis filed a complaint in the United States District Court for the Northern District of Mississippi against the United States of America, in its capacity as owner/operator of the United States Postal Service ("USPS"); Gwendolyn J. Brown, in her capacity as Postmaster; and "John Does A, B and C." Doc. #1. The complaint sought damages pursuant to the Federal Tort Claims Act ("FTCA") for injuries Davis allegedly suffered as the "result of a slip and fall incident which occurred … at the Crossroads Post Office … in Greenville, Mississippi." *Id.* at 1.

The United States obtained an extension to answer the complaint. Doc. #7. But before

such answer was filed, Davis filed an amended complaint on March 14, 2022, removing Brown as a defendant and adding Magic Touch Janitorial, Inc. Doc. #8. The amended complaint alleges that "[o]n or about June 20, 2019, [Davis] was an invitee on the premises of the Crossroads Post Office" when she "suddenly slipped and fell due to a dangerous condition on such premises which was created and/or caused by Defendants, its agents, and/or its employees;" the United States "is the owner, manager, and operator of the [USPS] … and … is in control of the … Crossroads Post Office;" Magic Touch "operates a cleaning service and provided such cleaning services and maintenance to the [USPS] at its Crossroads Post Office" pursuant to a contract with the USPS; and the "Defendants were negligent in causing the subject incident … because of a dangerous condition which existed on the premises" and "fail[ing] to warn invitees such as [Davis] of the dangerous condition." Doc. #8 at 3; Doc. #8-3. Although the amended complaint does not identify the alleged "dangerous condition," a Standard Form 95 filed by Davis and attached to the amended complaint alleges that "USPS employees were mopping the lobby floor of the post office with soapy water causing the floor to be slick, but failed to warn [Davis]," who "was attempting to retrieve her mail from her post office box." Doc. #8-1 at 1.

On April 14, 2022, the United States moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), arguing that because Magic Touch was an independent contractor, it could not be held liable for its actions. Doc. #16. In an October 21, 2022, order, the Court denied the motion because the amended complaint's "reference to 'employees' can reasonably be read as alleging that USPS employees, not just [Magic Touch employee Valarie] Summerville, were aware of the dangerous condition and failed to warn Davis or otherwise correct the conditions" and Davis was seeking "to recover against the United States for its own actions or omissions rather than solely those of Magic Touch." Doc. #30 at 7.

A week later, the United States moved for reconsideration of the October 21 order pursuant to Federal Rule of Civil Procedure 60(b) or, alternatively, Rule 59(e). Docs. #31, #32. Davis filed a response.[1] Doc. #33. The United States filed a reply. Doc. #34.

## II
## Applicable Standard

The United States cites both Rule 60(b) and Rule 59(e) in its initial memorandum. Rule 60(b) provides that a "court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" for certain specified reasons and "any other reason that justifies relief." (emphasis added). Similarly, Rule 59(e) applies to motions "to alter or amend a judgment." But where, as here, claims remain pending in the case, the order is interlocutory and governed by Rule 54(b). *Ryan v. Phillips 66*, 838 F. App'x 832, 836 (5th Cir. 2020); *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, [its] denial of [plaintiff's] motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b).").

"Under the Rule 54(b) standard, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *United States v. E.I. Du Pont De Nemours & Co.*, __ F. Supp. 3d __, 2022 WL 3566843, at *5 (S.D. Tex. Aug. 18, 2022) (internal quotation marks omitted) (quoting *Austin*, 864 F.3d at 336).

## III
## Analysis

The United States argues that "the Court must perform the independent contractor analysis,

---

[1] The response represents that it is a "combined Response and Memorandum of Authorities in order to expedite consideration and resolution of this preliminary motion under local rules." Doc. #33 at 1.

3

and the Court erred as a matter of law by declining to hold that [Davis'] duty-to-warn claim is barred by the FTCA's independent contractor exception." Doc. #32 at 1. It contends Davis' "claims that the premises were rendered unsafe as a result of a wet lobby floor and that the United States failed to warn of such condition are specifically delegated to Magic Touch by the clear terms of the contract between the USPS and Magic Touch." *Id.* at 5.

Davis responds that the United States "failed to identify any new evidence, information or legal analysis to support its request" and she "submitted substantial evidence in opposition to the Motion to Dismiss showing the level of control asserted by USPS over its independent contractor." Doc. #33 at 1–2 (citation omitted). She also argues that "asking this Court to reconsider … under Rule 60 is improper as that Rule does not provide justification to reconsider the Court's prior ruling." *Id.* at 2.

The United States replies that Davis "chose not to address the central tenet of [its] Motion to Reconsider, which is that the government delegated *all* safety-related duties pertaining to the cleaning services at the Crossroads Post Office in Greenville to Magic Touch." Doc. #34 at PageID 200. It argues that "[t]he Court grafted a state law nondelegable duty exception onto the FTCA, a duty to warn, thereby rendering the independent contractor exemption dependent on Mississippi's determination of which of its duties should be considered nondelegable." *Id.* at PageID 202.

> Under the FTCA, district courts
>
> have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "'Employee of the government' includes … officers or employees of any federal agency" but by definition, a federal agency "does not include any contractor with the

4

United States." 28 U.S.C. § 2671.

Multiple circuits have "held that the FTCA's contractor exception, as interpreted by the Supreme Court in *Logue [v. United States*, 412 U.S. 521, 528 (1973)], precludes FTCA claims for contractor negligence based on a state-law nondelegable duty of care." *Berrien v. United States*, 711 F.3d 654, 659 (6th Cir. 2013) (collecting cases); *see Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 652 (5th Cir. 2011) ("Louisiana's imposition of non-delegable duties is therefore preempted by the independent-contractor exception to the FTCA."). But "the contractor exception might not apply if the negligence of a government employee, rather than that of a contractor, forms the basis of liability," and courts look to relevant state law to determine whether a negligence claim exists based on the government's actions. *Berrien*, 711 F.3d at 659.

As the Court held in denying the motion to dismiss, the amended complaint's use of the plural "employees" "can reasonably be read as alleging that USPS employees, not just Summerville, were aware of the dangerous condition and failed to warn Davis or otherwise correct the conditions." Doc. #30 at 7. Under this reading, Davis seeks to recover "money damages … for … personal injury or death caused by the negligent or wrongful act or omission of [an] employee of the Government." 28 U.S.C. § 1346(b)(1).

So the question becomes whether "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* The existence of a duty is a question of state law, *Lathers v. Penguin Indus., Inc.*, 687 F.2d 69, 72 (5th Cir. 1982), and as the Court previously explained, the United States provided no support for its argument that "requiring Magic Touch to utilize safety precautions relieves its own employees of a duty to warn of dangerous conditions of which they are aware." Doc. #30 at 8 n.5.

Contrary to the United States' arguments, *Logue* supports the conclusion that, even where

5

an independent contractor's actions are the basis of liability, the government still may be liable for the related actions or omissions of its own employees. In *Logue*, a federal prisoner confined in a county jail committed suicide and his parents sought to hold the United States liable. 412 U.S. at 522–25. Ultimately, the United States Supreme Court determined that under the contract between the government and the county, the county agreed "to provide custody in accordance with the Bureau of Prisons' rules and regulations governing the care and custody of persons committed" and the deputy marshal "had no authority to control the activities of the sheriff's employees." *Id.* at 530. Under those circumstances, the government could not be held liable for the actions of the county employees. *Id.* at 532. But the Supreme Court remanded for a determination of whether the deputy marshal's failure to make "specific arrangements … for constant surveillance of the prisoner" when he knew the prisoner had suicidal tendencies was also negligent. *Id.*

To the extent the United States argues here that "any duty that may have been owed by [it] was delegated to Magic Touch by the terms of the contract,"[2] it still fails to cite any authority that requiring Magic Touch to use safety equipment while mopping relieved it of its own duty to warn of dangerous conditions of which it was aware.[3] *See June Stonestreet v. United States*, No. 1:20-cv-65, 2021 WL 4618372, at *2 (S.D. Miss. Oct. 6, 2021) ("Only upon a finding that the government delegated its *entire* duty of care may the court dismiss the claim for lack of jurisdiction under the FTCA's independent contractor exception.") (emphasis added) (quoting *Edison v. United States*, 822 F.3d 510, 518 (9th Cir. 2016)); *cf. Kimler v. United States*, No. 1:20-cv-175, 2021 WL 3698391, at *5–6 (S.D. Miss. Aug. 9, 2021) (United States not liable for injuries caused

---

[2] Doc. #32 at 5.

[3] If with discovery Davis cannot show that a USPS employee knew of the condition and failed to warn her, the Court then may need to engage in the independent contractor analysis to determine whether the government can be held liable for Magic Touch's actions. *See Berrien*, 711 F.3d at 660 (looking to state law to determine whether failure-to-warn claim could be asserted against the government and determining the claim failed because there was no evidence the government knew of the dangerous condition).

6

by elevator malfunction where elevator maintenance was delegated to an independent contractor and plaintiff did not identify "any of the Government employees to whom issues with the elevator were allegedly reported nor … submit[] any evidence regarding what, if anything, such employees did with this information").

Since Davis seeks to hold the United States liable for the actions and omissions of its own employee and because "a Rule 12(b)(1) motion should be denied unless there is no set of facts under which plaintiff's claim could entitle [her] to relief,"[4] subject matter jurisdiction exists and the Court need not engage in the independent contractor analysis at this stage.

## IV
## Conclusion

The United States' motion for reconsideration [31] is **DENIED**.

**SO ORDERED**, this 5th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] *Velazquez v. United States*, 835 F. App'x 733, 735 (5th Cir. 2020).