IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PATRICIA DAVIS**                                                                **PLAINTIFF**

**V.**                                                       **NO. 4:21-CV-167-DMB-DAS**

**MAGIC TOUCH JANITORIAL, INC.;
UNITED STATES OF AMERICA in its
capacity as owner/operator of the United
States Postal Service; and JOHN DOES
A, B, and C**                                      **DEFENDANTS**

## ORDER

Before the Court are various motions filed by the parties, the outcome of which will determine whether Patricia Davis' responses to certain defense motions (including motions for summary judgment, to strike some of Davis' filings, and to disqualify Davis' counsel) will be considered or stricken. Because the Court will grant Davis' request for extensions to respond to the defendants' motions and in doing so deem Davis' filed responses timely, the defendants' motions to strike will be denied as moot.

## I
## Relevant Procedural History

On March 14, 2022, Patricia Davis filed an amended complaint against Magic Touch Janitorial, Inc.; the United States of America, "in its capacity as owner/operator of the United States Postal Service;" and John Does A, B and C.[1] Doc. #8 at 1. Magic Touch filed a motion for

---

[1] The amended complaint alleges that "[o]n or about June 20, 2019, [Davis] was an invitee on the premises of the Crossroads Post Office" when she "suddenly slipped and fell due to a dangerous condition on such premises which was created and/or caused by Defendants, its agents, and/or its employees;" the United States "is in control of the … Crossroads Post Office;" Magic Touch "operates a cleaning service and provided such cleaning services and maintenance to the [USPS] at its Crossroads Post Office" pursuant to a contract with the USPS; and the "Defendants were negligent in causing the subject incident … because of a dangerous condition which existed on the premises" and "fail[ing] to warn invitees such as [Davis] of the dangerous condition." Doc. #8 at 3.

summary judgment on November 10, 2023, and six days later, filed a motion to extend the case management order deadlines. Docs. #115, #118. On November 20,[2] the United States of America filed a motion for summary judgment. Doc. #120. Magic Touch then filed on November 29 a motion to compel, Doc. #125, and a motion to disqualify Davis' counsel, Doc. #127. On December 1, Magic Touch filed a motion for summary judgment limited to the issue of damages. Doc. #129.

On December 5, Davis filed a "Motion for Extension of Time to Respond to Defendants' Multiple Motions." Doc. #131. Specifically, Davis requests

> an extension [until Friday, January 19, 2024] to respond to *Defendants' Motions for Summary Judgment* from both Defendants; *Defendant Magic Touch's Motion to Compel and Disqualify Counsel*, and *Defendant Magic Touch's Limited (Second) Motion for Summary Judgment or Daubert Motion*; *Defendant Magic Touch's Motion to Extend CMO Deadlines*, and *Motion for Summary Judgment of the United States of America*.

*Id*. at 1, 2. As cause, Davis represents:

> The multiple motions referenced were filed over a period of two weeks, and during a time when the Court had ordered a settlement conference. Some of these motions by the Defendant Magic Touch had to be refiled by order of the Magistrate Judge. Accordingly, [her] counsel is unsure of the exact deadlines for any dates of response to such motions or the deadlines may not have expired.
>
> [Her] Counsel … was in trial in the Chancery Court of Washington County, Mississippi last week and was out of town for several days over the past two weeks due to the holidays. Also, he has a previously scheduled deposition for next week and will not be able to adequately prepare a response to the various motions by the due date due to the volume of motions. Furthermore, the parties held a telephonic status conference with the Magistrate Judge during this same time period to try to address some of these disputed pretrial issues.

*Id.* at 1–2 (paragraph numbering omitted). Davis further represents that her "counsel is unaware of any objections to the granting of the requested extension."[3]

---

[2] All dates referenced in the procedural history section occurred in 2023 unless indicated otherwise.

[3] Local Rule 7(b)(10) requires that "[a]ll non-dispositive motions must advise the court whether there is opposition to the motion."

The next day, December 6, Davis filed a response to Magic Touch's November 10 motion for summary judgment. Doc. #132. The following day, December 7, Davis filed exhibits to her response to Magic Touch's November 10 summary judgment motion;[4] Magic Touch moved to strike as untimely Davis' December 6 response to its summary judgment motion, Doc. #136; and Magic Touch responded in opposition to Davis' motion for extension,[5] Doc. #135, which the United States joined on December 8, Doc. #138.

On December 13, Davis responded to Magic Touch's November 29 motion to compel, Doc. #141, and to the United States' November 20 motion for summary judgment, Doc. #142. The next day, the United States moved to strike as untimely Davis' response to its summary judgment motion. Doc. #144.

On December 18, Davis responded to Magic Touch's November 29 motion to disqualify counsel, Doc. #146; and two days later, responded to Magic Touch's December 1 limited summary judgment motion, Doc. #150. On December 22, Magic Touch moved to strike as untimely Davis' response to its December 1 limited summary judgment motion, Doc. #154, and moved to strike as untimely Davis' response to its motion to disqualify, Doc. #155.

## II
## Discussion

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause"

---

[4] Docs. #134-1 to #134-10.

[5] Regarding Davis' representation that her "counsel is unaware of any objections to the granting of the requested extension," the defendants respond that "[i]t does not appear that [Davis'] counsel contacted any of [them] to determine if they objected to her motion." Doc. #135 at 2–3; Doc. #135-1. If the Court determines that Davis' representation was intended to mislead the Court about the defendants' position on her extension motion, such will be addressed in a separate matter.

and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating whether excusable neglect exists, a court should consider (1) "the danger of prejudice to the" nonmoving party; (2) "the length of delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015).

While this Court concludes that the reasons Davis offers for her extension request satisfy the good cause standard, evaluating those reasons against the excusable neglect factors raises questions about whether Davis has shown excusable neglect as to those deadlines which had expired at the time she filed her extension motion.[6] However, because the Court prefers to decide on their merits the pending motions specified in Davis' extension motion, because Davis' responses to such motions may be helpful in that respect, and because since filing her extension motion Davis has responded to the specified motions *before* the January 19, 2024, extension date she requested, the Court, in its discretion, will extend the deadlines for Davis' filed responses so

---

[6] With respect to Davis' after-the-fact request for extensions, the Court needs additional information to fully evaluate some of the excusable neglect factors. Because trial is currently set for March 4, 2024, an extension until January 19, 2024, will certainly impact the progress of this case—not only would it delay the completion of briefing on the pending motions but it would leave the Court with little to no time to rule on all the motions on their merits. As to the length-of-delay factor, the time between the January 19, 2024, extension requested and the expired due dates seems unreasonable, especially given the trial date. However, as it concerns the reasons for the delay and the good faith factor, the Court is unclear about the dates Davis says her counsel was unavailable due to either trial, deposition, or holiday travel because Davis fails to specify those dates. Regardless, it seems Davis could have sought an extension at some point during that period. Finally, though Magic Touch and the United States oppose the extension request, they do not expressly argue "prejudice" they would suffer if the extensions sought are granted. *See generally* Docs. #135, #144, #154, #155.

as to deem such responses timely. *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Fed. Practice & Procedure § 1165) ("'The district judge enjoys broad discretion to grant or deny an extension,' and the 'excusable neglect' standard is 'intended and has proven to be quite elastic in its application.'"). Consequently, the defendants' motions to strike will be denied as moot.

### III
### Conclusion

Davis' motion for extension [131] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks an extension to respond to the specified motions. It is DENIED to the extent it requests an extension until January 19, 2024, and in all other respects. Davis' filed responses (including supporting exhibits) to all such motions are deemed timely. The defendants' motions to strike [136][144][154][155] are **DENIED as moot**.

**SO ORDERED**, this 27th day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**