IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PATRICIA DAVIS                                                                                   PLAINTIFFS

V.                                                            CIVIL ACTION NO. 4:21-CV-167-DMB-DAS

UNITED STATES OF AMERICA and
MAGIC TOUCH JANITORIAL SERVICE, INC.`                                     DEFENDANTS

## ORDER

This matter is before the court on the motion of the defendant, Magic Touch Janitorial, Inc., to compel discovery from the plaintiff.

On May 12, 2023, the defendants took the plaintiff's deposition. On June 22, 2023, Magic Touch served its second request for production on the plaintiff. On June 28, 2023, the court extended the case management deadlines, moving the discovery deadline to October 23, 2023 and the motions deadline to November 6, 2023. When the parties were unable to schedule the deposition of a treating physician, Dr. Larry Field, during the extended time, the court agreed to continue the trial and further extend deadlines, with the discovery deadline set for November 16, 2023 and the motions deadline moved to December 1, 2023.

On October 10, 2023, Magic Touch served a subpoena duces tecum on the Virden Law Firm. It sought personnel and wage records for the plaintiff. On November 10, 2023, Magic Touch filed their motion seeking summary judgment.

On November 15, 2023, Magic Touch sent a good faith inquiry to plaintiff's counsel about the long past due discovery response to the second request for production and the unanswered subpoena. On November 16, 2023 -- the discovery deadline -- counsel for Magic

Touch requested a discovery conference with the court concerning these disputed discovery items. The status conference was set for the November 20, 2023, which was the court's first availability. Magic Touch also filed a motion to extend the discovery deadline to allow time for the resolution of the discovery dispute.

At the telephonic status conference the court addressed the second request for production. The single request sought production of the shoes the plaintiff was wearing at the time of her fall in the post office. The court directed the plaintiff to serve a response to the request and to produce the shoes if they were still in her possession.

Additionally, the plaintiff's counsel admitted he had not responded to the subpoena duces tecum but advised that he did not have the types of records requested, such as time and attendance and leave policies, and that the plaintiff was not making a claim for lost wages, as he had continued to pay her wages for time lost because of her injuries. The court deferred ruling on the subpoena duces tecum but allowed defense counsel to file the motion to compel. The defendant filed the motion to compel on November 29, 2023. Magic Touch also filed a motion to disqualify plaintiff's counsel on the same day.

In its motion to compel, Magic Touch repeated its argument about the failure of the plaintiff to respond to the second request for production regarding the shoes she was wearing on June 20, 2019. The plaintiff has since served its response to that discovery and advised that the shoes are no longer in the plaintiff's possession. The defendant demands an explanation of when and why these shoes were discarded.

Magic Touch also moved to compel production of personnel records for Davis from her attorney's office. On December 12, 2023, plaintiff's counsel responded to the subpoena duces tecum by repeating what he said during the conference, advising his office did not have "an

application for employment, job duties memorandum, attendance records/calendar, or personnel files for its employee, and no employment or leave time policies." Counsel further asserted that the payroll documentation was in the possession of the accountant for the firm, but that those documents "are irrelevant as Plaintiff is not seeking any damages for lost wages."

The defendant also seeks sanctions for the filing of the motion to compel.

Local Rule 7(b) requires that discovery motions should be filed far enough in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order. While acknowledging that circumstances do not always allow for strict compliance, the court expects the parties to pursue resolution of discovery disputes in an expeditious manner. The request for production of the shoes could have been handled in compliance with the rule. The question of compliance with the subpoena could and should have been urged earlier.

On the other hand, the failure to respond formally to both the discovery and the subpoena duces tecum is inexcusable and would typically result in the imposition of sanctions. But here, the defense seeks production of Davis' payroll records after being advised that the plaintiff is not making a claim for lost wages and that other records that would be germane to the action have never existed. The defense also raised the issue of production of the shoes after the court had already ruled on the request. Though the defendant now demands the plaintiff provide an explanation for when and why she disposed of a pair of flip-flops, it provides no basis for requiring such an explanation such as a related interrogatory that would require an explanation.

Neither excusing the handling of these discovery issues by plaintiff's counsel nor the untimely request for court intervention, the court denies the motion to compel an explanation about the flip-flops. Plaintiff's counsel has as explained that they no longer exist, and that is

sufficient for the court. At this late date, the court also refuses to impose the time and expense involved in wage information that has no arguable relevance. The court has moved the discovery deadline twice already and will not do so again.

Finally, the defendant sought additional time for discovery the resolve the discovery disputes raised. Based on the court's ruling, that motion is now denied as moot and the sanctions sought are denied.

**SO ORDERED** this the 18th day of January, 2024.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**